May 1, 1911.

———o———

5313.

(Court of Appeal, Parish of Orleans.)

## WILLIAM H. SCHNELL vs. CECILIA SCHNELL & LOUIS BAGNERIS, ET AL.

A judgment cannot be annulled at the suit of one who was not a necessary party thereto and whose rights are not adversely affected thereby.

Appeal from the Twenty-eighth Judicial District Court, Parish of Jefferson.

John E. Fleury, for plaintiff and appellant.

F. A. Middleton, for defendant and appellee.

GODCHAUX, J.—During the pendency of a suit for divorce and dissolution of the community between William Schnell and his wife, Cecilia Schnell, the former confessed judgment for an alleged claim in favor of Bagneris; and thereupon, Mrs. Schnell, having secured her divorce, sued to annul the judgment and to arrest its execution, insofar as she and her share in the community were concerned, on the ground that the judgment by confession was the result of a conspiracy between Bagneris and Schnell to defraud her of her share in the

community and that the alleged claim of Bagneris had no foundation in fact.

In that suit she was successful and there was judgment (affirmed by this court) annulling the judgment in Bagneris' favor insofar as it affected her and her interest in the community. See **Mrs. Cecilia Schnell vs. Bagneris, No. 5073** of our docket, opinion and decree rendered therein November 7, 1910.

Schnell was not a party to that suit and the only issue decided therein was that, as between Mrs. Schnell and Bagneris, the judgment **pro confesso** was void and could not be enforced against her or her interest in the community assets.

The present suit, which is accompanied by an injunction to prevent Mrs. Schnell from taking possession of her interest in the community assets without the Bagneris judgment first being satisfied out of these assets, is one wherein Schnell seeks to set aside as void the judgment in favor of Mrs. Schnell which decreed that neither she nor her share of the community was liable for the Bagneris judgment.

Mrs. Schnell moved to dissolve the injunction with attorney's fees as damages on the ground, among others that need not be considered, that the petition of the plaintiff, Schnell, disclosed no cause of action, and the lower court sustained her, setting aside the injunction and imposing attorney's fees in her favor in the sum of $50.00. From this judgment the plaintiff has appealed.

It is clear that the plea of no cause of action was well founded and the injunction properly recalled. The sole object and effect of the suit of Mrs. Schnell against Bagneris was to have it judicially decided that, insofar as she or her interest in the community was concerned, the judgment by confession in favor of Bagneris was

wholly void and of no effect. That decision in no manner affected the judgment in favor of Bagneris insofar as he and Mr. Schnell were concerned, and in respect to their relative rights thereunder that judgment still retains its original vigor and effect.

The only person that might complain of the judgment releasing Mrs. Schnell would be Bagneris who thereby lost one of his joint debtors and his right of recourse against her interest in the community property. His complaint, however, is barred by the fact that he was a party to that suit. Schnell, on the other hand, was not a necessary party to that suit because nothing was sought nor secured therein that could adversely affect him, and consequently he cannot complain of or seek to annul any action that was taken therein. He was merely a joint debtor with his wife and the release of the latter or her property neither augmented nor diminished his liability.

Attorney's fees are properly demandable when the injunction is set aside on rule to dissolve prior to trial on the merits and the allowance of $50.00 in this case is reasonable.

It is, accordingly, ordered that the judgment appealed from be affirmed.

May 15, 1911.

———0———

5216.

(Court of Appeal, Parish of Orleans.)